J. S71009/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 605 MDA 2014 |
| | : | |
| ZACHERY TAYLOR BINKLEY | : | |

Appeal from the Order Entered March 11, 2014,
in the Court of Common Pleas of Cumberland County
Criminal Division at No. CP-21-CR-0002184-2013

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA AND FITZGERALD,* JJ.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:     **FILED JANUARY 27, 2015**

The Commonwealth appeals from the March 11, 2014 order, granting the motion to suppress filed by Zachery Taylor Binkley.  We affirm.[1]

Appellee was arrested pursuant to a warrant that was later determined to be inactive.  He filed a motion to suppress, which was initially denied. Thereafter, appellee filed a motion for reconsideration relying on **Commonwealth v. Johnson**, 86 A.3d 182 (Pa. 2014), wherein the Pennsylvania Supreme Court upheld the suppression of evidence seized incident to an arrest based upon an invalid (expired) arrest warrant in

---

* Former Justice specially assigned to the Superior Court.

[1] We note preliminarily that this appeal is properly before us pursuant to Pennsylvania Rule of Appellate Procedure 311(d).

reliance upon the **Edmunds**[2] construction of Article 1, Section 8. On March 11, 2014, the court granted appellee's motion for reconsideration, vacated its prior order, and dismissed the charges finding **Johnson** controlling. This appeal followed.

The Commonwealth argues that **Edmunds**, and by extension, **Johnson**, were wrongly decided and suggests the "good faith" exception to the exclusionary rule of the Fourth Amendment to the United States Constitution should apply in Pennsylvania. **See U.S. v. Leon**, 468 U.S 897 (1984). However, as the Commonwealth acknowledges, as an intermediate appellate court, we are bound to effectuate the decisional law of the Pennsylvania Supreme Court. **See** Art. 5 § 1 of the Pennsylvania Constitution. **See generally Commonwealth v. Busch**, 713 A.2d 97 (Pa.Super. 1998). Consequently, no relief is due. Suppression was warranted as **Edmunds** and **Johnson** make clear that even if the officer believed the warrant was valid upon execution, the police are not entitled to a good faith exception. **Johnson**, **supra** at 187.

Order affirmed.

---

[2] **Commonwealth v. Edmunds**, 586 A.2d 887 (Pa. 1991).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/27/2015